E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BRUCE K. RIORDAN (Cal. Bar No. 127230)
Assistant United States Attorney
Violent and Organized Crime Section
LAURA A. ALEXANDER (Cal. Bar No. 313212)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0480/1019
    Facsimile: (213) 894-6269
    E-mail:   bruce.riordan@usdoj.gov
               Laura.alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>ADIS POGHOSYAN,<br>  aka "Jilbert Mnatsakanyan"<br><br>       Defendant. | No. CR 23-00443-RGK<br><br>PLEA AGREEMENT FOR DEFENDANT ADIS POGHOSYAN |

1. This constitutes the plea agreement between ADIS POGHOSYAN, also known as ("aka") "Jilbert Mnatsakanyan" ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

## DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

   a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count Indictment in United States v. Adis Poghosyan, CR No. 2:23-00443-RGK, which charges defendant with Prohibited Person in Possession of a Firearm and Ammunition, in violation of Title 18, United States Code, Section 922(g)(1), (8), (9).

   b. Not contest facts agreed to in this agreement.

   c. Abide by all agreements regarding sentencing contained in this agreement.

   d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

   g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3. Defendant further agrees:

   a. To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is

pleading guilty, specifically including, but not limited to, the following:

    i. A Ruger, LCP, .380 caliber pistol, bearing serial number 372415462; and

    ii. Approximately five rounds of Arms Corporation of the Philippines .380 caliber ammunition (collectively, the "Forfeitable Property").

  b. To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the property.

  c. That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

  d. To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

  e. Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property. If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property. Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or requirements of the Government to commence forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

3

             f.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

             g.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

             h.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

             i.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose. With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment. Defendant acknowledges that forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

                        THE USAO'S OBLIGATIONS

        4.   The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

5. Defendant understands that for defendant to be guilty of the crime charged in the indictment, that is, Prohibited Person in Possession of a Firearm and Ammunition, in violation of Title 18, United States Code, Section 922(g)(1), (8), (9), the following must be true: (1) defendant knowingly possessed a firearm and ammunition; (2) the firearm and ammunition had been shipped or transported from one state to another or between a foreign nation and the United States; (3) at the time defendant possessed the firearm and ammunition, defendant had: (a) been convicted of a crime punishable by imprisonment for a term exceeding one year; (b) was subject to a domestic violence protection order that: (i) was issued after a hearing of which defendant received actual notice, and at which defendant had an opportunity to participate; (ii) restrains defendant from harassing, stalking, or threatening an intimate partner of defendant or child of such intimate partner or defendant, or engaging in other conduct that would place an intimate pattern in reasonable fear of bodily injury to the partner or child; and (iii) by its terms explicitly prohibits the use, attempted use, or threatened use of

1  physical force against such intimate partner or child that would
2  reasonably be expected to cause bodily injury; and (c) been convicted
3  of a misdemeanor crime of domestic violence; and (4) at the time
4  defendant possessed the firearm and ammunition, defendant knew he had
5  been convicted of a crime punishable by imprisonment for a term
6  exceeding one year, that he was subject to a domestic violence
7  protection order, and that he had been convicted of a misdemeanor
8  crime of domestic violence.

PENALTIES

10    6.   Defendant understands that the statutory maximum sentence
11 that the Court can impose for a violation of Title 18, United States
12 Code, Section 922(g)(1), (8), (9), is: 15 years' imprisonment; a 3-
13 year period of supervised release; a fine of $250,000 or twice the
14 gross gain or gross loss resulting from the offense, whichever is
15 greatest; and a mandatory special assessment of $100.
16    7.   Defendant understands that supervised release is a period
17 of time following imprisonment during which defendant will be subject
18 to various restrictions and requirements.  Defendant understands that
19 if defendant violates one or more of the conditions of any supervised
20 release imposed, defendant may be returned to prison for all or part
21 of the term of supervised release authorized by statute for the
22 offense that resulted in the term of supervised release, which could
23 result in defendant serving a total term of imprisonment greater than
24 the statutory maximum stated above.
25    8.   Defendant understands that, by pleading guilty, defendant
26 may be giving up valuable government benefits and valuable civic
27 rights, such as the right to vote, the right to possess a firearm,
28 the right to hold office, and the right to serve on a jury. Defendant

understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about June 23, 2023, in Los Angeles County, which is within the Central District of California, defendant knowingly and unlawfully possessed a firearm and ammunition, namely a Ruger, LCP, .380 caliber pistol, bearing serial number 372415462 and five rounds of Arms Corporation of the Philippines .380 caliber ammunition.

The Ruger, LCP, .380 caliber pistol, bearing serial number 372415462, was manufactured in either Arizona or North Carolina. The five rounds of Arms Corporation of the Philippines .380 caliber ammunition were manufactured in the Philippines. In order for the firearm and ammunition to have been located in California on June 23, 2023, the firearm and each round of ammunition would have had to have been shipped or transported from one state to another state or between a foreign nation and the United States.

Before defendant's knowing and unlawful possession of the firearm and ammunition on or about June 23, 2023, defendant knew he had been convicted of the following felony crimes, punishable by a term of imprisonment exceeding one year:

- Possession of Fifteen or More Counterfeit Access Devices, in violation of Title 18, United States Code, Section 1029(a)(3), in the United States District Court for the

District of Kansas, case number 6:10-cr-10060-01, on or about February 15, 2011;

- Burglary, in violation of Nevada Revised Statutes Section 205.060, in the Eighth Judicial District Court, Clark County, State of Nevada, case number C-14-303320-2, on or about May 29, 2015; and

- Identity Theft, in violation of California Penal Code Section 530.5(a), in the Superior Court of California, County of Los Angeles, case number GA099492, on or about May 25, 2017.

Further, at the time defendant knowingly possessed the firearm and ammunition, he was and knew that he was subject to a court order, issued on or about August 19, 2022, in the Superior Court of California, County of Los Angeles, case number 2GD00785, restraining him from harassing, stalking, and threatening intimate partner victim A.A., with whom the defendant shares children, and victims Em.P. and El.P., with whom defendant had resided as victims Em.P.'s and El.P.'s parent or guardian and who were approximately eight and five years old at the time the court order was issued (collectively, the "intimate partners"). The order restrained defendant from engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner, and by its terms explicitly prohibited the use, attempted use, or threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury. The order was issued after a hearing of which defendant received actual notice and at which he had an opportunity to participate.

Finally, prior to defendant's possession of the firearm and ammunition, defendant knew he had been convicted on or about August 19, 2022 of a misdemeanor crime of domestic violence, namely, Domestic Battery, in violation of California Penal Code Section 243(e)(1), in the Superior Court of California, County of Los Angeles, case number 2GD00785.

When defendant knowingly and unlawfully possessed the firearm and ammunition on June 23, 2023, defendant knew he had previously been convicted of the above felony offenses and misdemeanor crime of domestic violence and that he was subject to a domestic violence protective order.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:            14       U.S.S.G. § 2K2.1(a)(6)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. The base offense level set forth above is based on information currently known to the government regarding defendant's criminal history. Defendant understands and agrees that defendant's base offense level could be increased if defendant is an armed career criminal under U.S.S.G. §§ 4B1.4 and 18 U.S.C. § 924(e), or if defendant has additional prior conviction(s) for either a crime of violence or a controlled substance offense under U.S.S.G. § 2K2.1. If defendant's base offense level is so altered, defendant and the USAO will not be bound by the base offense level agreed to above.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

      d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.   The right to confront and cross-examine witnesses against defendant.

      f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## WAIVER OF APPEAL AND COLLATERAL ATTACK

17. Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment

imposed by the Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19. This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a

claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

23. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

15

## NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA

United States Attorney

*Bruce K Riordan*  June 10, 2024
BRUCE K. RIORDAN            Date
Assistant United States Attorney

_____   06/10/2024
ADIS POGHOSYAN              Date
Defendant

_____   6/10/24
GEORGE MGDESYAN             Date
Attorney for Defendant
ADIS POGHOSYAN

//
//
//

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

17

of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_/s/ ADIS POGHOSYAN_____   _06/10/2024_____
ADIS POGHOSYAN                      Date
Defendant

//
//
//

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ADIS POGHOSYAN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to

18

enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____    6/10/24
GEORGE MGDESYAN                              Date
Attorney for Defendant
ADIS POGHOSYAN

19